UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8902-GW-MAAx | Date | March 19, 2020 |
|---|---|---|---|
| Title | *Jeffrey Sulitzer, D.M.D, et al. v. Joseph Tippins, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | Terri A. Hourigan | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Byron J. McLain, in person | Jonathan M. Eisenberg |
| James D. Dasso | Kristin S. Webb |

**PROCEEDINGS:** TELEPHONIC HEARING RE:

DEFENDANTS' MOTION TO DISMISS COMPLAINT (FED. R. CIV. P. 12(B)(6) [16]

AMICUS CURIAE AMERICAN ASSOCIATION OF ORTHODONTIST'S MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS [25]

Court and counsel confer re Motion for Leave. The tentative circulated and attached hereto, is adopted as the Court's final ruling. The Motion is DENIED.

Court hears further argument as to Defendants' Motion to Dismiss. For reasons stated on the record, Defendants are to file a response to Plaintiff's offer of proof by April 2, 2020. Brief is limited to 15 pages. Plaintiff will have until April 13, 2020 to respond. Defendants' Motion to Dismiss is continued to April 23, 2020 at 8:30 a.m.

|   | : | 15 |
|---|---|---|
| Initials of Preparer | JG | |

*Sulitzer, et al. v. Tippins, et al.*, Case No. 2:19-cv-08902-GW-(MAAx)
Tentative Ruling on American Association of Orthodontists' Motion for Leave to File Brief of Amicus Curiae in Support of Defendants' Motion to Dismiss

 

The Court has reviewed the motion of the American Association of Orthodontists ("AAO") for permission to file an *amicus curiae* brief.  The Court will deny the motion.  To the extent the proposed brief would be helpful to the Court, it concerns only issues that the Defendants have already addressed – or easily could have addressed – in their motion to dismiss.  Where the AAO desires to duplicate or supplement that discussion, it is in effect an attempt to have the Court consider extra briefing beyond the limits allowed by this Court's Local Rules.  Moreover, although the Court does not share the Plaintiffs' view of the timing obligations underlying a request to be able to file an *amicus* brief, the Court does find it noteworthy that the AAO waited until briefing on Defendants' motion was complete[1] before actually attempting to supplement the materials that were already before the Court by way of this motion.  This too could be seen as an attempt to unjustifiably expand the briefing opportunities on a topic beyond what the Court's Local Rules permit.

To the extent the proposed brief covers *new* topics, it largely concerns the question of whether the Plaintiffs are engaged in the practice of dentistry.  It is not entirely clear to this Court that it will ever be asked to resolve that precise question in this case considering the nature of Plaintiffs' claims here.  If it ever *is* asked to decide that question, it will first have to be convinced that it is not an issue that is more appropriately decided by the Dental Board of California in connection with the proceedings that the Court is aware are now pending before that body.

Beyond that question of both need and propriety in connection with the Court's consideration of the practice-of-dentistry issue, the AAO's participation threatens to actually complicate the Court's analysis – at least in this procedural setting – due to the fact that it asks the Court to consider numerous materials that are outside the four corners of the Complaint in this action and outside even the extra-complaint materials that a court may sometimes still

---

[1] Indeed, the hearing date for this motion was originally set for ten days *after* the hearing was held on the motion to dismiss the AAO desires to address as an *amicus*.  The Court heard oral argument on that motion on March 2, 2020, and, after issuing a tentative ruling, continued the motion to allow plaintiffs to file an "offer of proof" as to how they would amend in certain regards.  In other words, the Court's analysis of the motion was effectively complete before the AAO even asked the Court to consider the *amicus* request.

1

consider on a Rule 12(b)(6) motion. Even asking the Court to engage in the potentially protracted and involved analysis of determining which of these materials are, in fact, permissible to consider, threatens to lengthen and complicate this motion far beyond whatever minimal benefit the AAO could otherwise offer to the Court on this motion.

For at least these reasons, the Court denies the AAO's motion. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) ("The district court has broad discretion to appoint amici curiae."), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *California v. U.S. Dep't of Interior*, 381 F.Supp.3d 1153, 1164 (N.D. Cal. 2019) ("There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful or otherwise desirable to the court."). That other district courts considering similar motions from the AAO have allowed the AAO leave to file an *amicus* brief does not persuade this Court that such an expansion of the record on this motion is appropriate, or desirable.[2]

---

[2] Plaintiffs assert that, although those other courts allowed the amicus filings, neither court directly cited those amicus briefs in ruling on the motions to dismiss at issue, suggesting that – in the end – even those courts did not consider the briefs particularly helpful or noteworthy. The AAO does not dispute Plaintiffs' assertion regarding the lack of citation to its briefs in those cases.