UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-8902-GW-MAAx | Date  April 22, 2020 |
| Title  *Jeffrey Sulitzer, D.M.D., et al. v. Joseph Tippins, et al.* | Page  1 of 2 |

Present: The Honorable   **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS - ORDER**

    Defendants' Motion to Dismiss came on for hearing on March 2, 2020, where the Court initially provided the parties with a tentative ruling which indicated that the Court was inclined to grant the motion to dismiss as to four of the five causes of action – *i.e.* 1) violation of Federal Sherman Antitrust Act (15 U.S.C. § 1, et seq.); 2) violation of Dormant Commerce Clause (U.S. Const., art. I, § 8, cl. 3) pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983; 3) violation of Equal Protection Clause (U.S. Const., amend. XIV) pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983; and 4) violation of Substantive Due Process (U.S. Const., amend. XIV) pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  See Docket No. 26.  As to the fifth cause of action for violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200), the Court indicated that its ruling on that claim would be dependent in part on its ultimate ruling on the prior four causes of action and whether it elects to exercise supplement jurisdiction over that state claim.  As to the dismissals, the Court indicated in the tentative that they would be with leave to amend as to the antitrust and substantive due process claims, but without leave as to the equal protection clause and dormant commerce clause claims.
    Following the oral argument, the Court gave leave to Plaintiffs to provide the Court with an offer of proof as to their proposed amendments regarding the equal protection and dormant commerce clause claims.  See Docket No. 26.  Plaintiffs filed their Offer of Proof (Docket No. 33); the Defendants have filed a response (Docket No. 39); and the Plaintiffs have filed a Reply (Docket No. 41) – all of which the Court has considered.
    For the reasons stated in the tentative ruling and on the record at the hearing, the Court adopts its tentative ruling as its final decision on the motion to dismiss except as noted herein.  The motion is granted as to the first four causes of action.  The dismissal will be with leave to amend except as to the equal protection claim, which will be without leave to amend.
    As to the dormant clause cause of action the Court still finds that claim extremely problematic in part because Plaintiffs' alleged facts are still nebulous as to the precise conduct or situation that gives rise to the violation of that clause.  For example, Plaintiffs cite to *N. Carolina*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-8902-GW-MAAx | Date | April 22, 2020 |
| Title | Jeffrey Sulitzer, D.M.D., et al. v. Joseph Tippins, et al. | Page | 2 of 2 |

*State Bd. of Dental Exam'rs v. FTC*, 574 U.S. 494 (2015), in regards to a state dental board's issuing cease and desist letters to non-dentists who were performing teeth whitening services. However, that case concerned antitrust problems and did not raise the dormant commerce clause at all. In the present case, Plaintiffs have seemingly only alleged the initiation of investigations (albeit purportedly overzealous ones and supposedly for bad reasons) and the initiation of a disciplinary proceeding against one of the Plaintiffs. *Compare Nat'l Ass'n of Optometrists & Opticians Lenscrafters, Inc. v. Brown*, 567 F.3d 521 (9th Cir. 2009) (plaintiffs raised a dormant commerce clause challenge as to state statutes and regulations governing the relationship between state licensed optometrists and non-licensed opticians).

    Plaintiffs shall file their amended complaint by May 18, 2020.